IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA HAYMON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 848 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| METRA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, *pro se*, sued the defendants for multiple types of employment discrimination, including race, age, religion, and disability. After a motion to dismiss, her disability and retaliation claims are left. The discovery requests at issue here were served on July 27, 2020, and so plaintiff's responses were originally due August 26th. But, as plaintiff was proceeding *pro se*, Judge Chang gave plaintiff an extra month to respond by September 24, 2020. [Dkt. #95].

Plaintiff did not meet Judge Chang's deadline. Instead, she and defendants arranged for an extension to October 1st, then to October 8th, and then to October 16th. [Dkt. #98, Exs. E, F]. Plaintiff missed the parties' October 16th deadline and, on October 18th, asked defendants for an additional 60 days until late December. She explained that she was working with a "consultant." [Dkt. #98, Exs. E, F]. Discovery was set to close on March 15, 2021, and defendants refused. On October 27th, they filed a motion to compel plaintiff's overdue responses. [Dkt. #98].

Plaintiff responded a couple of days later with a motion for a 40-day extension to December 1st. [Dkt. #102]. In it, she explains:

Plaintiff is pro se and requires additional time [to] respond to Defendant's written

>discovery. Plaintiff also notes that the number of interrogatories issued by Defendant exceeds the amount allowed by the rule; specifically, Defendant issued 28 interrogatories while the rule allows for 25 without stipulation.

[Dkt. #102, par. 8]. Plaintiff is correct about the applicable Rule limiting a party to "no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see Hangzhou Aoshuang E-Commerce Co. v. 008fashion*, No. 19 C 4565, 2020 WL 3429735, at *2 (N.D. Ill. 2020). Defendants have clearly propounded 28. [Dkt. #98-1]. But just as clearly, any objections to the interrogatories, whether to number or topic, are long overdue. Fed. R. Civ. P. 33(b)(4)(The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Mendez v. City of Chicago*, 2020 WL 4736399, at *3 (N.D. Ill. 2020); *Zambrano v. Sparkplug Capital, LLC*, 2020 WL 1847396, at *1 (N.D. Ill. 2020). *See also Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004) ("As a general proposition, pro se litigants are subject to the same waiver rules as litigants represented by counsel.").

Nor does plaintiff's *pro se* status grant her special license to ignore deadlines – the first one in this case was court-ordered – or procedural rules. *Norwood v. E. Allen Cty. Sch.*, 2020 WL 5230354, at *3 n.1 (7th Cir. Sept. 2, 2020); *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) *Mitchell v. Union Pac. R. Co.*, 501 F.3d 794, 796 (7th Cir. 2007). "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff's responses were originally due over two months ago. She has been allowed a number of extensions and has so far enjoyed more than three months to compile her responses.

Enough is eventually enough. Defendants' motion to compel [Dkt. #98] is granted and plaintiff's motion for an extension until December 1st [Dkt. #102] is denied. Plaintiff shall provide complete responses within ten days of this Order.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/30/20